IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOSHUA HEATH BURROW                                                    PLAINTIFF

v.                                        Civil No. 6:19-CV-06033

CORRECT CARE SOLUTION, KELLY                                      DEFENDANTS
ANN SPAUGH[1], OMEGA PROGRAM,
PHILLIP GLOVER, SGT. GROOMS, SGT.
STROTTER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to

the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United

States District Judge, referred this case to the undersigned for the purpose of making a Report and

Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison

Litigation Reform Act (PLRA).  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to

screen any complaint in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I.  BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on March 19, 2019.  (ECF

No. 2).  It was transferred to this District on March 25, 2019.  (ECF No. 3).  On March 27, 2019,

the Court entered an Order (ECF No. 7) directing Plaintiff to file an Amended Complaint, which

he did on April 3, 2019.  (ECF No. 9).

---

[1] Based on attachments to Plaintiff's Complaint, this Defendant's name is Aunspaugh.  (ECF No. 2 at 8).

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") Barbara Ester Unit. (ECF No. 9 at 2). His Complaint centers on his time at the Arkansas Community Correction ("ACC") Omega Supervision Sanction Center, prior to his transfer to the ADC. (*Id*. at 3-7). Plaintiff alleges that on July 20, 2018, as well as "many dates" between April 24 and August 14, 2018, he was denied medical care. Specifically, he alleges his legs became swollen around his knees and ankles, with large knots "all over them." He alleges this caused him to suffer extreme pain. (*Id*. at 4). He alleges it took three sick calls before he was seen, at which time Nurse Aunspaugh "failed to treat or diagnose" him. (*Id*.). He states that this violated ACC policy because he was not seen or treated within 72 hours of his first request. (*Id*. at 5). He alleges this delay in treatment caused him to suffer nerve damage and severe pain. (*Id*.). Plaintiff names Correct Care Solution employee Nurse Aunspaugh for this claim.

Plaintiff also alleges that on July 20, 2019, he passed out in his cell, hitting his head and injuring his back. This left him unable to walk, stand, or sit. (*Id*. at 5). He was rolled onto a board and carried to the infirmary by ACC staff. At the infirmary, he was looked over "briefly" but was not taken to a hospital to receive any x-rays, MRI, or other tests. (*Id*. at 6). Instead, he was carried back to his segregation cell and left on a rack with no mat and no blanket. (*Id*.) As a result he now suffers from "bad neck and back pain." (*Id*. at 5-6). Plaintiff names Defendants Aunspaugh, Grooms, Trotter, Correct Care Solution, and the Omega Supervised Sanction Program for this claim.

Plaintiff alleges he was forced to stand and walk on his injured legs while in the ACC. He further alleges he was "wrongfully kicked out" of the program and transferred to the ADC due to his illness. (*Id*. 6). Plaintiff names the Omega Program, Defendant Glover and Defendant Jackson for this claim. Plaintiff attached a revocation letter to his first Complaint. In this letter, Defendant

Glover requests a revocation of supervised probation for Plaintiff because he was disruptive and had to be monitored by staff to ensure he did not cause harm to himself or others. (ECF No. 2 at 7). Glover further writes that Plaintiff was seen by medical staff who confirmed he did not need any medical accommodations and he showed no remorse for his actions during his disciplinary court hearing. (*Id*.).

Plaintiff proceeds against all Defendants in their personal and official capacity. (*Id*. at 4-6). He seeks compensatory damages. (*Id*. at 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

#### A.  ACC Omega Program

Plaintiff's claims against the ACC Omega Program are subject to dismissal.  States and state agencies are not "persons" subject to suit under § 1983.  *Howlett v. Rose,* 496 U.S. 356 (1990)*; Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008).

#### B.  Official Capacity Claims - ACC Employees

Plaintiff's official capacity claims against ACC employees are subject to dismissal.  An official capacity claim against an ACC employee is essentially a claim against the State of Arkansas.  "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L. Ed. 2d 209 (1986)). "This bar exists whether the relief sought is legal or equitable." *Id.* (*quoting Papasan*, 478 U.S. at 276). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991)(*citing  Quern v. Jordan,* 440 U.S. 332, 342(1979)).  The State of Arkansas and its agencies have not consented to suit in federal court.  Because Plaintiff requests only monetary damages, Plaintiff's claims against the State of Arkansas are barred by sovereign immunity.

#### C.  Official Capacity Claims – Correct Care Solution and Defendant Aunspaugh

Correct Care Solutions is a private correctional medical services corporation contracted with the ACC to provide those services.  Defendant Aunspaugh is an employee of Correct Care Solutions.  Through this contract, Correct Care Solutions and Defendant Aunspaugh are acting under color of state law and are subject to suit under § 1983. *West v. Atkins,* 487 U.S. 42 (1988);

*Burke v. North Dakota Dept. of Corrections and Rehab.*, 294 F.3d 1043 (8th Cir.2002); *Montano v. Hedgepeth,* 120 F.3d 844, 849–50 (8th Cir.1997).

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both.  In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits.  As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available.  *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).  Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself.  *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991).  Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense.  *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Here, Plaintiff failed to identify any custom or policy of Correct Care Solution which, implemented by their employees, violated his constitutional rights.  To the contrary, he states that the delay in evaluating him for his leg ailment violated their policy of seeing patients within 72 hours of a request for medical treatment.  Plaintiff therefore failed to state any plausible official capacity claims against Correct Care Solution or their employee Defendant Aunspaugh.

**D.  Violation of ACC or Correct Care Policy**

Plaintiff's allegation that ACC or Correct Care Solution policy was violated because he was not seen within 72 hours of submitting a sick call fails to state a plausible claim.  *See Walton v. Dawson*, 752 F.3d 1109, 1122 (8th Cir. 2014) ("violating an internal policy does not *ipso facto* violate the Constitution").

### E.  Transfer to ADC

Plaintiff alleges that Defendant Glover and Jackson wrongfully terminated him from the ACC program and transferred him to the ADC.  Plaintiff's claim against these Defendants therefore challenges the disciplinary conviction which revoked his supervised probation at the ACC and transferred him to the ADC.  Plaintiff is clearly attempting to challenge the ACC disciplinary decision against him.  His claims are therefore barred by the *Heck* doctrine.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. 486-87.  The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

The *Heck* doctrine applies to inmate disciplinary proceedings.  *Edwards v. Balisok*, 520 U.S. 641 (1997); *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002).  An inmate challenge to the validity of a disciplinary conviction is barred by *Heck*.  *Edwards,* 520 U.S. at 646-48.  Any challenge to the effect of the disciplinary sanction on the award or revocation of good-time credit is also barred, as the credit will ultimately change the duration of the sentence served.  *Id.*  Thus, *Heck* requires favorable termination of the disciplinary charge "in an authorized state tribunal or a federal habeas court, even if the claim is for damages rather than earlier release."  *Sheldon v. Hundley,* 83 231, 233 (8th Cir. 1996); *Cincoski v. Richard*, 418 Fed App'x 571, 571-72 (8th Cir. 2011) (Plaintiff's claims regarding his disciplinary convictions, including restoration of good- time credits, declaratory relief, and damages based on those convictions were *Heck*-barred.)

Here, Plaintiff has not alleged that the disciplinary conviction against him has been favorably terminated. His claims concerning the disciplinary conviction are therefore *Heck*-barred.

### F. Defendants Strotter and Grooms

Plaintiff named these individuals as Defendant in his claim for the denial of medical care after he fell in his cell. He does not, however, identify any action or inaction on their part which violated his constitutional rights. "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976); *Cotton v. Hutto*, 577 F.2d 453, 455 (8th Cir.1978) (per curiam) (respondeat superior theory does not apply in § 1983 suits)). Because Plaintiff failed to identify any causal link between these Defendants and his alleged denial of medical care, he failed to state any plausible claims against them.

## IV. CONCLUSION

Accordingly, I recommend that Plaintiff's official capacity claims, as well as his personal capacity claims against all Defendants except Defendant Aunspaugh, be DISMISSED WITHOUT PREJUDICE. I further recommend that his personal capacity claim against Defendant Aunspaugh for denial and delay of medical care regarding his swollen legs and his fall in the cell remain for further consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **16th day of July 2019**.

7

/s/ *Barry A. Bryant*

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE